UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THE RUBBER SHOP INC., *et al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 3:05-CV-279 RLM |
| | ) | |
| BENICORP INSURANCE CO., *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER AND OPINION**

On August 18, 2006, Plaintiffs The Rubber Shop Inc. d/b/a Royal Rubber Company,
Victor Grabovez, and Claire Grabovez (collectively "Grabovez") filed a motion to compel
discovery.  On that same day, Defendant Benicorp Insurance Co. (Benicorp) filed a motion for a
protective order.  For the following reasons, Benicorp's motion is **GRANTED** [Doc. No. 82]
and Grabovez's motion is **DENIED** [Doc. No. 85].

**I.**    **PROCEDURAL BACKGROUND**

On March 29, 2005, Grabovez filed a complaint in state court claiming a wrongful denial
of benefits, promissory estoppel, fraud, breach of fiduciary duty, and other claims.  On May 5,
2005, this case was removed to this Court because many of Grabovez's claims arise under
ERISA.

On August 1, 2005, Defendants filed a motion to dismiss some of Grabovez's claims.  On
February 13, 2006, Chief Judge Miller entered an order that granted in part and denied in part the
motion to dismiss.  Specifically, Chief Judge Miller dismissed Grabovez's state law claims of
promissory estoppel and course of dealings because they were preempted by ERISA, but he did
not dismiss Grabovez's state law fraud claim.  Because the alleged fraud took place either before

or during the formation of the ERISA plan, ERISA does not pre-empt the fraud claim.  Chief Judge Miller's order creates a bright line between those claims that took place prior to the formation of the ERISA plan and those claims that took place after the formation of the ERISA plan.

On August 18, 2006, Grabovez filed a motion to compel and Benicorp filed a motion for a protective order.  On October 4, 2006, this Court held an in-court hearing on these motions and both parties filed post-hearing briefs.  This Court may rule on these motions pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    ANALYSIS**

A.    <u>Facts</u>

Around February of 2000, Grabovez entered into a health insurance contract with Benicorp.  Grabovez is the president, CEO, and majority share owner of The Rubber Shop Inc.  Grabovez has a unique living situation where he resides for half of the year in South Bend, Indiana and for the other half of the year he resides in Florida.  Despite Grabovez's living situation, Benicorp allegedly represented that Grabovez would still be covered by the insurance contract as an employee.

In 2002, after a heart attack and open heart surgery, Grabovez filed a claim with Benicorp for reimbursement for his medical expenses pursuant to the insurance contract.  Benicorp denied Grabovez's claim for benefits because they did not consider him a full time employee under the plan, in part, because of his unique living situation.  In 2002, Grabovez administratively appealed the denial of benefits with the Benicorp administrative review board, which ultimately upheld the denial of benefits.

Grabovez now seeks discovery beyond the administrative review record, discovery which is usually prohibited in ERISA actions.  Grabovez claims that the disputed discovery is relevant either to the remaining state law fraud claim or to the ERISA claims.  Specifically, Grabovez seeks the personal information and identities of those involved in the administrative process, the personal information of high ranking Benicorp officials, Benicorp's policy and procedure for handling claims, any administrative guides or amendments, and the names and addresses of other high ranking employees who were denied coverage under any health care plan for the same reasons as Grabovez.

Benicorp seeks a protective order preventing the disclosure of these items.  Benicorp argues that the requested discovery is not relevant to any of Grabovez's claims, and further that discovery is not allowed beyond the administrative record in ERISA claims.

B.      Applicable Law

Fed. R. Civ. P. 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

While Rule 26 provides for liberal discovery, the rule also provides protection against needless or oppressive discovery.  Rule 26(c)(1) states:

> upon motion by a party . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had.

Thus, the party seeking a protective order must establish good cause before a court may grant relief.

Despite the broad standards of Fed. R. Civ. P. 26, in ERISA claims the discovery is much more limited. Under ERISA, when the language in an insurance plan grants discretionary authority to the entity acting as the administrative authority, the reviewing court must utilize the arbitrary and capricious standard of review. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 980 (7th Cir. 1999). The arbitrary and capricious standard is a deferential form of review that limits review to the administrative record. Perlman, 195 F.3d at 981-82. As a result, discovery is limited to materials in the administrative record. Id. at 982.

However, an exception to this standard of review exists. If a prima facie showing of misconduct or bias is made, then a more cautious review is used. Semien v. Life Ins. Co. of N. Am., 436 F.3d 805, 814 (7th Cir. 2006). Under this exception, a claimant may obtain limited discovery, beyond the administrative record, if he establishes two factors: 1) a specific conflict of interest or instance of misconduct, and 2) a prima facie showing that there is good cause to believe limited discovery would reveal a procedural defect in the plan administrator's determination. Id. at 815. If both prongs are satisfied, a court may allow limited discovery despite the deferential arbitrary and capricious standard. Id. But, it should be noted that this is

the exception to the rule.  The <u>Semien</u> standard presents a "high bar," which only allows

discovery beyond the administrative record in "exceptional circumstances."  <u>Id</u>.

        C.        <u>Discovery Based on ERISA</u>

Because the parties have stipulated that the plan unambiguously confers discretionary

authority to Benicorp, the arbitrary and capricious standard applies and discovery is limited to

the administrative record.  As a result, only if Grabovez can first show a specific conflict of

interest or instance of misconduct may he meet the exception to the rule found in <u>Semien</u>.  This

Court will address whether Grabovez has met the first prong of <u>Semien</u>, for if he has not, the

Court need not address whether he has met the second.  <u>See Holoubek v. Unum Life Ins. Co. of</u>

<u>Am.</u>, 2006 WL 2434991 at 10 (W.D. Wis. 2006).

To establish a specific conflict of interest or instance of misconduct, Grabovez must

make specific allegations which would lead this Court to question the impartiality of the

administrator.  <u>Semien</u>, 436 F.3d at 814.  This Court will only allow limited discovery "[w]here .

. . an ERISA plaintiff comes forward with a *reasonable basis* to believe that this conflict of

interest has solidified into conscious, concrete policies, procedures, and practices to promote the

company's financial welfare at the expense of a full and fair evaluation of the plaintiff's claim

for benefits."  <u>Semien</u>, 436 F.3d at 815 (quoting <u>Bennett v. Unum Life Ins. Co. of Am.</u>, 321 F.

Supp. 925, 932-33 (E.D. Tenn. 2004) (emphasis added).   Grabovez alleges three instances of

misconduct.

        1.        <u>Benicorp's Failure to Disclose Documents During the Appeal</u>

Grabovez argues that Benicorp's first instance of misconduct occurred when Benicorp

failed  to disclose certain material required by ERISA guidelines.  During the administrative

appeal, Grabovez claims it received some 600 pages of the administrative record to prepare for a

response.  However, during discovery in this lawsuit, Grabovez received an administrative

record of over 1000 pages that contained information that Grabovez had never before seen or

reviewed.  Also, Grabovez argues that Benicorp admitted, in court, that other documents exist

that Grabovez never received.  Grabovez claims he was entitled to all of these documents based

on ERISA guidelines.[1]   Grabovez argues that Benicorp's failure to produce all of these

documents denied him of a full and fair review and is misconduct that satisfies the first prong of

Semien.[2]

Although ERISA regulations may have entitled Grabovez to the requested documents,

the critical question is whether this error constitutes a specific instance of misconduct that

suggests Benicorp was biased.  While the procedural errors may have been errors, they are not

sufficiently egregious to lead this Court to question the impartiality of the administrator.

Benicorp's failure to disclose all the documents does not suggest that Benicorp has solidified

policies and procedures in place to deny rightful claimants full and fair hearings.  In fact, the

procedural errors appear random rather than concerted, and they appear to have happened

accidentally rather than consciously.  Also, Benicorp's failure to disclose documents to

---

[1]ERISA regulations require that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim of benefits."  See  29 C.F.R. § 2560.503-1(h)(2)(iii).  A document is considered relevant if it was "submitted, considered, or generated in the course of making the benefit determination."  See 29 C.F.R. § 2560.503-1(h)(8)(ii).

[2]The basis for Grabovez's claim that they were denied a full and fair review is 29 U.S.C. § 1133(2), which states, "every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."

Grabovez, by itself, does not suggest Benicorp committed these errors because of financial

incentives.  Furthermore, Grabovez does not adequately argue that the withheld documents were

material or dispositive to the administrative decision.  While the withholding of documents may

appear suspicious and the procedure may appear irregular, mere suspicion or irregular

procedures are insufficient to constitute a "reasonable basis" to believe that there was a conflict

of interest or specific interest of misconduct.  Simply put, Grabovez's claims of misconduct are

not the "exceptional circumstances" Semien requires to constitute a specific instance of

misconduct.

### 2.      Benicorp's One Sided Investigation

Grabovez also claims that Benicorp's investigation of his claims was one sided, which

constitutes evidence of bias.  Grabovez claims that Benicorp hired a private investigator and

instructed him to interview disgruntled former employees to develop evidence unfavorable to

him.  The investigator then failed to interview current, or favorable, employees.  Grabovez

argues this practice shows that Benicorp conducted a one sided investigation, and that this

constitutes a specific instance of misconduct.

Hiring a private investigator does not, of itself, constitute a specific conflict of interest or

instance of misconduct.  Semien, 436 F.3d at 814.  Furthermore, the failure to consider or

generate evidence that is favorable to the claimant also does not render a plan administrator's

decision arbitrary and capricious.  See Sperandeo v. Lorillard Tobacco Co., Inc., 460 F.3d 866,

876 n.9 (7th Cir. 2006) (stating that fiduciary did not have to refer claim to independent medical

expert); Davis v. Unum Live Ins. Co. of Am., 444 F.3d 569, 576 (7th Cir. 2006) (indicating that

it was not arbitrary and capricious for fiduciary to rely on only in-house doctors); Wallace v.

Reliance Standard Life Ins. Co., 318 F.3d 723, 724 (7th Cir. 2003) (stating fiduciary does not have a duty to find additional evidence that weighs in favor of claimant).  Similarly, Benicorp's investigation does not, by itself, suggest financial incentive or a policy to deny rightful claimants a full and fair review.  Grabovez's assertion that Benicorp performed a one sided investigation may be a factor for whether Benicorp's decision was arbitrary and capricious, but it does not constitute a specific conflict of interest or instance of misconduct under Semien.  See Perlman, 195 F.3d at 981; see, e.g., Smith v. Accenture U.S. Group Long Term Disability Ins. Plan, 2006 WL 2792695 at 2 (N.D. Ill. 2006); Holoubek, 2006 WL 2434991 at 10.

3.      The Procedural Error & One Sided Investigation Together

Grabovez's final argument is that Benicorp's investigation and procedural error, when examined together, indicate that Benicorp was biased.  Grabovez claims that Benicorp conducted a one-sided investigation, and then Benicorp deliberately committed the procedural error to withhold evidence from Grabovez.  Grabovez claims when the procedural error and one sided investigation are considered together, the only logical conclusion is that Benicorp was biased and intended to deny Grabovez's claim from the start.  Grabovez argues this plan constitutes a specific instance of misconduct that sufficiently satisfies the first prong of Semien.

This Court can not conclude that there was a connection between the one-sided investigation and the procedural defects.  Semien requires that Grabovez must create a reasonable belief that Benicorp was biased to constitute the "exceptional circumstances" that sufficiently meet the "high bar."  While Grabovez's theory, that Benicorp planned and coordinated the procedural error and the one sided investigation, is certainly a possible belief, this Court can not conclude that Grabovez has shown it rises to the level of a reasonable belief.

8

This Court has already concluded that, individually, the procedural error and the one sided investigation do not constitute a specific instance of misconduct or conflict of interest. Therefore, Grabovez must point to something besides these two things themselves to create a reasonable belief that Benicorp was biased.  He has not done so.

This Court finds the <u>Bennett</u> case from the Eastern District of Tennessee, which is cited and quoted by <u>Semien</u>, to be insightful on this point.  In <u>Bennett</u> the plaintiff presented an assortment of evidence including depositions, internal documents, and sworn statements that indicated the plan administrator had company wide policies to deny claims, offered financial incentives to medical advisors involved in the administrative process, intentionally instituted inadequate procedures, considered company finances in denying and handling claims, and utilized polices that disciplined employees for assisting claimants.  In <u>Bennett</u> the plaintiff had produced so much evidence that the plan administrator's bias was not only possible, but reasonable and likely.  In this case, however, Grabovez has not presented any evidence that supports his theory that the procedural defect and the one sided investigation are linked.  Rather, Grabovez offers only speculation and conjecture for his theory that Benicorp's decision was flawed.

While this Court is not implying Grabovez necessarily needs as much evidence as the plaintiff in <u>Bennett</u>, Grabovez must present at least some evidence for this Court to be able to analytically conclude that the procedural error and the one sided investigation were part of a deliberate and concerted plan.  Without any such evidence, this Court is left with only an assumption that the two are linked.  An assumption, however, does not constitute a reasonable belief.  Consequently, this Court concludes that the circumstances Grabovez argues to be

persuasive simply are not the "exceptional circumstances" that would constitute a specific

instance of misconduct to allow discovery beyond the administrative record.

Furthermore, this Court's decision is bolstered by the general principles of ERISA. One

of the primary goals of ERISA is to provide a method for workers and beneficiaries to resolve

disputes inexpensively and expeditiously. Semien, 463 F.3d at 815-16. Courts must exercise

their discretion and limit discovery to those cases where it appears likely that the plan

administrator committed misconduct. Id. Allowing Grabovez to seek discovery beyond the

administrative record by pointing to slight procedural defects and alleging claims of a one-sided

investigation is contrary to the entire ERISA dispute resolution scheme. If this Court allowed

Grabovez to discover beyond the administrative record with such a slight showing of

misconduct, this Court would essentially usurp ERISA and "move toward a costly system in

which Article III courts conduct wholesale reevaluations of ERISA claims." Semien, 463 F.3d at

815-16.

Because Benicorp's procedural error and one sided investigation either separately or

collectively do not constitute a specific conflict of interest or instance of misconduct, Grabovez

is not entitled to discovery beyond the administrative record. Grabovez's motion to compel is

**DENIED**, and Benicorp's motion for a protective order is **GRANTED**.

D.      Discovery Based on State Law Claims

Grabovez also contends that the information he seeks is discoverable because it is

relevant to his state law claims of fraud and punitive damages. Chief Judge Miller specifically

allowed the state claims to survive the motion to dismiss because the fraud occurred before or

during the formation of the contract that established the ERISA plan. As stated before, Chief

Judge Miller's ruling creates a bright line between pre-plan formation claims and post-plan formation claims.

Even though some of Grabovez's state claims are still pending, the specific discovery he seeks is not relevant to any issues involving the formation of the ERISA plan.  Rather, all of the discovery Grabovez seeks is related to post-plan or ERISA matters.[3] Because this Court has already ruled that Grabovez has not established that he is entitled to the limited exception of Semien, the only discovery he may conduct is of the administrative record.  And, any post-plan discovery is not likely to lead to admissible evidence on the pre-plan state law claims under the more generous standards of discovery under Fed. R. Civ. P. 26.  It simply is not relevant to any issues involving the formation of the ERISA plan.  Simply put, Grabovez may not obtain discovery beyond the administrative record for any events occurring after the formation of the ERISA plan, even in an attempt to establish his state law claims.  He may obtain discovery of events occurring before the formation of the ERISA plan in an attempt to establish his state law claims, but he has not done so in his present motion to compel.

Because the information Grabovez seeks is either limited to the administrative record or not likely to lead to admissible evidence relevant to the state law claims that occurred before the ERISA plan was created, Grabovez's motion to compel is **DENIED**.

## III.    CONCLUSION

---

[3] Specifically, Grabovez seeks the personal information and identities of those involved in the administrative process, the personal information of high ranking Benicorp officials, Benicorp's policy and procedure for handling claims, any administrative guides or amendments, and the names and addresses of other high ranking employees who were denied coverage under any health care plan for the same reasons as Grabovez.

Because Grabovez has failed to show a specific conflict of interest or instance of misconduct, discovery is limited to the administrative record.  Furthermore, this Court concludes that Grabovez's requested discovery regarding the state law claims would not reasonably lead to admissible evidence.  Consequently, Grabovez's motion to compel is **DENIED** [Doc. No. 85] and Benicorp's motion for a protective order is **GRANTED** [Doc. 82].

**SO ORDERED.**

Dated this 15th Day of November, 2006.


S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge