UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE RUBBER SHOP, INC. d/b/a ROYAL RUBBER COMPANY, VICTOR GRABOVEZ and CLAIRE GRABOVEZ,<br><br>Plaintiffs<br><br>v.<br><br>BENICORP INSURANCE COMPANY and B.J. RANDALL d/b/a B.J. RANDALL & ASSOCIATES<br><br>Defendants | Cause No. 3:05-CV-279 RM |

OPINION and ORDER

On November 24, 2006, the plaintiffs filed a motion for review of the magistrate judge's order denying the plaintiffs' motion to compel discovery and granting Defendant Benicorp Insurance Company's motion for protective order. The plaintiffs argue that the magistrate judge erred in finding that they didn't satisfy the necessary elements identified in Semien v. Life Insurance Company of North America, 436 F.3d 805 (7th Cir. 2006), to engage in discovery beyond the administrative record. The court agrees with the Magistrate Judge's findings.

Although Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, discovery under ERISA is more limited. Under ERISA, if a benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms, courts review

those decisions under the arbitrary and capricious standard, Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), and review is limited to the administrative record. Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 982 (7th Cir. 1999).

The plaintiffs contend that they have identified specific conflicts of interest, bias, and instances of misconduct by Benicorp that would entitle them to additional discovery under Semien v. Life Insurance Company of North America, 436 F.3d 805 (7th Cir. 2006). The allegation of a potential bias or conflict is not enough to warrant discovery beyond the administrative record; the court presumes neutrality on the part of the insurance administrator, "unless a claimant shows by providing specific evidence of actual bias that there is a significant conflict." Mers v. Marriott Intern. Group Accidental Death and Dismemberment Plan, 144 F.3d 1014, 1020 (7th Cir. 1998). In Semien, the court found that a claimant must demonstrate two factors for limited discovery beyond the administrative record to be appropriate:

> First, a claimant must identify a specific conflict of interest or instance of misconduct.
>
> Second, a claimant must make a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination.

Semien v. Life Ins. Co. of North America, 436 F.3d at 815.

In support of their allegation of Benicorp's bias and conflict, the plaintiffs point out that Benicorp failed to produce a complete copy of the administrative

2

record including information requested about private investigator Corbett before the appeal decision. During the administrative appeal, Mr. Grabovez received some 600 pages of the administrative record. During discovery in this suit, Mr. Grabovez received an administrative record containing over 1000 pages. The plaintiffs also allege that Benicorp conducted a one-sided, prejudiced investigation into Mr. Grabovez's claim, seeking out only information that provided support for its denial. The investigators didn't interview current or favorable employees who would have provided support for Mr. Grabovez's claim and whose contact information Mr. Grabovez had provided.

These allegations do not support a finding of bias. Although Benicorp didn't produce a complete administrative record during the administrative appeal, and such a record should have been produced under the ERISA guidelines, the plaintiffs have not identified anything in the additional 400 pages that suggests that this wasn't a mistake or clerical error and that instead Benicorp was attempting to hide something. The same is true for the additional interviews conducted by Mr. Corbett and not initially turned over; nothing suggests that the additional information handed over during discovery contained something intentionally withheld.

The plaintiffs also point to the one-sided investigation into Mr. Grabovez's claim to support their allegation of bias. During that investigation, Benicorp spoke to former employees who said Mr. Grabovez wasn't a full time employee and was rarely present at work. No one on the list of references Mr. Grabovez provided,

3

who he says would have shored up his contention that he was a full-time employee who worked from home during the winter, were contacted. Nothing requires an insurance company to contact the positive references the claimant provides. While a insurance company must act with care in fulfilling its promises under the contract of insurance it does not have to "evaluate all claims with a thumb on the scale in the participant's favor." Wallace v. Reliance Standard Life Insurance Company, 318 F.3d 723, 724 (7th Cir. 2003).

More than allegations of bias are needed before a claimant may engage in limited discovery beyond the administrative record: a "claimant 'must demonstrate the existence of a real and not merely notional conflict of interest'." Davis v. Unum Life Ins. Co. of America, 444 F.3d 569, 575 (7th Cir. 2006) (*quoting* Kobs v. United Wis. Ins. Co., 400 F.3d 1036, 1039 (7th Cir. 2005)); *see* Smith v. Accenture U.S. Group Long Term Disability Ins. Plan, 2006 WL 2792695, *2 (N.D.Ill. 2006) (that the consulting physician disregarded medical evidence in the record favoring the plaintiff could not alone satisfy the Semien standard.) *and* Davis v. Unum Life Ins. Co. of America, 444 F.3d at 575 (use of in-house doctors is not enough to show bias, instead claimant must show that the doctors had some specific stake in the outcome such as being paid more if the claims were denied).

Additionally, the plaintiffs have not provided any indication that the additional information requested would show that these were more than isolated accidents or decisions. The plaintiff must provide "a reasonable basis to believe that this conflict of interest has solidified into conscious, concrete policies,

4

procedures, and practices to promote the company's financial welfare at the expense of a full and fair evaluation of the plaintiff's claim for benefits." <u>Semien v. Life Ins. Co. of North America</u>, 436 F.3d at 815 (*quoting* <u>Bennett v. Unum Life Ins. Co. of Am.</u>, 321 F.Supp.2d 925, 932-933 (E.D.Tenn. 2004)).  No indication of such a procedural bias towards claimants has been provided.

For these reasons, the court denies the plaintiffs' Motion for Review of Magistrate Judge's Order (Doc. No. 106).

SO ORDERED.

ENTERED     December 20, 2006


　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　United States District Court